UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 5, 2013

LETTER TO ALL COUNSEL

Re: Tiffany Brown o/b/o A.W. v. Commissioner of Social Security,
Civil No. SAG-12-52

Dear Counsel:

On January 5, 2012, Tiffany Brown, on behalf of her minor child, A.W., petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Brown's reply. (ECF Nos. 16, 18, 20). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). I will grant the Commissioner's motion and deny Ms. Brown's motion. This letter explains my rationale.

Ms. Brown, on behalf of A.W., applied for childhood SSI on August 10, 2009, alleging a disability onset date of December 1, 2008. (Tr. 97-103). Her claim was denied initially on December 2, 2009, and on reconsideration on July 23, 2010. (Tr. 41-44, 48-50). A hearing was held on May 10, 2011, before an Administrative Law Judge ("ALJ"). (Tr. 28-38). Following the hearing, on June 9, 2011, the ALJ issued an opinion denying benefits. (Tr. 16-27). Because the Appeals Council denied Ms. Brown's request for review, (Tr. 1-6), the ALJ's decision is the final, reviewable decision of the agency.

The ALJ evaluated Ms. Brown's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Brown's claim. At step one, the ALJ found that A.W. had not engaged in any substantial gainful activity at any relevant time. (Tr. 21). At step two, the ALJ found that A.W. suffered from the severe impairments of attention deficit hyperactivity disorder ("ADHD") and asthma. *Id.* At step three, however, the ALJ found that A.W. did not have an impairment or combination of impairments that met any listing. *Id.* Additionally, the ALJ determined that A.W. did not have an impairment or combination of impairments that would be functionally equivalent to any listing. *Id.* Therefore, the ALJ determined that A.W. was not disabled for purposes of children's SSI benefits. (Tr. 24).

*Tiffany Brown o/b/o A.W. v. Commissioner of Social Security*
Civil No. SAG-12-52
March 5, 2013
Page 2

Ms. Brown asserts four arguments in support of her appeal: (1) that the ALJ assigned inadequate weight to the opinion of A.W.'s treating physician, Dr. Burns; (2) that the ALJ erred in finding that A.W. did not meet listings 103.03 and 112.11; (3) that the ALJ erred in evaluating the six functional equivalence domains; and (4) that the Appeals Council failed to consider new evidence. Each argument lacks merit.

Ms. Brown's first two arguments cite the rejection of the opinion of treating physician Dr. Burns and the finding that A.W. did not meet listings 103.03 (asthma) and 112.11 (ADHD). Dr. Burns had issued two opinions indicating that A.W.'s impairments met those listings. (Tr. 213, 215). A treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2); *Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996) (refined by 20 C.F.R. § 416.927(d)(2) (1999)). Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). Issues reserved to the Commissioner — such as whether a claimant's impairments meet a particular listing — are administrative findings that are dispositive of a case. *See* SSR 96–5p, 1996 WL 374183 *2.

Initially, Dr. Burns's opinions were rendered on "check-box" forms that provided no opportunity for any citation of supporting evidence. (Tr. 213, 215). Because the forms' sole content consists of checked opinions on an issue reserved to the Commissioner (whether a listing is met), Dr. Burns's opinions are not entitled to controlling weight. 20 C.F.R. 404.1527(d)(2). Moreover, it would be difficult for an ALJ to assign any meaningful weight to opinions devoid of evidentiary support. In rejecting Dr. Burns's opinions, the ALJ cited to specific evidence supporting his finding that the two listings had not been met. Namely, the ALJ cited a "Request for Administrative Information" form indicating that the claimant is on grade level in regular classes and that his behavior is "not a concern," (Tr. 164-65); a November 19, 2009 teacher questionnaire indicating that A.W. functions "appropriately/normally" in class while medicated and that A.W.'s asthma issues are "minimal and infrequent" and have no effect on attendance, academics, or social interactions (Tr. 166-73); an April 29, 2011 teacher questionnaire indicating that A.W. is a "bright, on-grade student" (Tr. 344-47); and the opinions of state agency medical consultants following review of A.W.'s medical records (Tr. 174-79, 217-22). Those records provide substantial evidence to support the ALJ's conclusion that A.W. does not meet either listing.[1]

Ms. Brown's next argument is that the ALJ erred in evaluating the functional equivalence of A.W.'s impairments. Functional equivalence is determined by rating a child's abilities in six "domains": (i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating Well With Others; (iv) Moving About and Manipulating Objects; (v)

---

[1] Ms. Brown's contention that the ALJ failed to consider a teacher evaluation completed by Catherine Anderson on February 6, 2009, Pl. Mot. 27, lacks merit. That evaluation predated, and possibly triggered, the diagnosis of and treatment of A.W.'s ADHD, and thus sheds little light on A.W.'s functional abilities with appropriate medication.

Caring for Yourself; and (vi) Health and Physical Well–Being.  Disability is established if the child has an "extreme" degree of limitation in one domain or a "marked" limitation in two domains.  *See* 20 C.F.R. § 416.926a.  The reviewing state agency physicians found no limitation in four of the functional domains, and only a "less than marked" limitation in "Attending and Completing Tasks."[2] (Tr. 176-77, 216).

In the section of the opinion considering the six functional domains, the ALJ provided minimal factual support, other than repeated citation to the opinion of one state agency physician. (Tr. 22-24).  However, the citations within that state agency physician's opinion, and the evidence summarized in the remainder of the ALJ's own opinion, as noted above, contain sufficient information about the ALJ's analysis to affirm his decision.  Moreover, other than the unsupported opinions from Dr. Burns, there is little conflicting probative evidence in the record suggesting that A.W. might be disabled.

In this case, the ALJ's opinion as to four of the six domains is clearly supported by substantial evidence.  Although the ALJ did not consider this evidence because it was submitted to the Appeals Council only, Dr. Burns's "Childhood Disability Evaluation Questionnaire" matched the ALJ's findings of no limitations in the areas of "Moving About and Manipulating Objects," and "Caring for Himself or Herself." (Tr. 348-54).  Ms. Brown has not advanced any persuasive arguments to suggest the existence of any such limitations.  With respect to "Acquiring and Using Information," the ALJ stated:

> A Childhood Disability Form dated December 2, 2009 indicates the claimant attends regular education classes and academically functions on grade level. (Exhibit 5F at 3).  The form also indicates the claimant "has been making great progress."

(Tr. 22).  The evidence that Ms. Brown uses to suggest some limitation is a report from a meeting prior to A.W.'s diagnosis of, and treatment for, ADHD.  (Tr. 266-67).  The ALJ's opinion is therefore supported by substantial evidence.  With respect to "Interacting and Relating with Others," the ALJ found as follows:

> A Childhood Disability Form dated December 2, 2009 indicates the claimant "plays rough," but his ADHD medication has helped lessen his rough play and his tendency to get into altercations.  (Exhibit 5F at 3).

(Tr. 23).  The ALJ's analysis is corroborated by A.W.'s educational and medical records.  Ms. Brown's own function report concedes that A.W.'s ability to get along well with others improved with the diagnosis and treatment of ADHD.  (Tr. 127-28).  The educational records contain no indicia of difficulties with interaction or social relationships.  *See, e.g.*, Tr. 165 (noting that behavior "is not a concern"); 169 (noting "no problem" with "interacting and relating with

---

[2] One reviewing state agency physician did not express an opinion in the area of "Health and Physical Well-Being." (Tr. 177). Another found A.W. had no marked limitation in any domain. (Tr. 216).

*Tiffany Brown o/b/o A.W. v. Commissioner of Social Security*
Civil No. SAG-12-52
March 5, 2013
Page 4

others"); 274 (stating that A.W. "is friends with everyone"). Given the substantial evidence supporting the ALJ's opinion, and the lack of any significant contrary evidence, I cannot find error with respect to the "Interacting and Relating with Others" domain.

Ms. Brown's strongest arguments relate to the domains of "Attending or Completing Tasks" and "Health and Physical Well-Being." (Pl. Mem. 31-37). With respect to "Health and Physical Well-Being," the substantial evidence cited by the ALJ establishes no marked limitation, as a result of the school records showing that A.W. missed little school as a result of asthma and other physical problems, and showing no indication of limitations in A.W.'s physical activity. *See* (Tr. 172-73) ("His asthmatic 'episodes' (shortness of breath) are minimal & infrequent & do not affect him academically, socially or emotionally at all."); (Tr. 346) (noting "average" abilities at gym and recess in 2010-2011 school year). The medical records also do not support a finding of marked limitation, as they reflect conservative treatment for relatively minor symptoms. (Tr. 235, 259, 264). While it is possible that a "less than marked" limitation in the area of "Health and Physical Well-Being" would have been appropriate, such a limitation would not affect the ALJ's ultimate conclusion and is therefore harmless error. As a result, even if the ALJ erred in finding "less than marked" limitation in the domain of "Attending or Completing Tasks," no reversible error exists. Instead, any such error would be harmless because, absent a marked limitation in another domain, the ALJ's finding of "no disability" would stand. *See Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009). Moreover, I do not find that the ALJ committed any error, since substantial evidence, including reports from A.W.'s teachers indicating successful completion of schoolwork with some accommodation, supports the finding of "less than marked" limitation in the ability to complete tasks.

Ms. Brown's final argument is that the Appeals Council should have remanded her case after receiving new and material evidence, specifically a September 12, 2011 form from Dr. Burns. The record reflects that the Appeals Council both received and considered the cited evidence. (Tr. 1-6). Although Ms. Brown's counsel believed that the evidence warranted a different result, nothing in the record demonstrates that the Appeals Council committed any procedural error. Moreover, it is not clear that the new evidence undermines the ALJ's analysis. Dr. Burns premised her September 12, 2011 opinion exclusively on her "note from 2/24/09," which was her initial evaluation and diagnosis of A.W. with ADHD. (Tr. 348). Clearly, the limitations A.W. may have had on that date, prior to any treatment, are not representative of A.W.'s ability to function when taking medications. "[T]he regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, i.e., 'consider new and material evidence ... in deciding whether to grant review.'" *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). The Appeals Council is not required to take any specific action in response to that new and material evidence, and is not required to provide a detailed explanation of its evaluation. Id. I cannot therefore conclude that the Appeals Council discharged its duties improperly.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 18) and DENIES Ms. Brown's Motion for Summary Judgment (ECF No. 16). The Clerk is directed to CLOSE this case.

*Tiffany Brown o/b/o A.W. v. Commissioner of Social Security*
Civil No. SAG-12-52
March 5, 2013
Page 5

     Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

          Sincerely yours,


          /s/

          Stephanie A. Gallagher
          United States Magistrate Judge